IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BRENT FORMICA**, individually and :
on behalf of all others similarly-situated, :
        Plaintiff,        :

      v.              :

**US ENVIRONMENTAL INC.**,    :
      Defendant     :

CIVIL ACTION

NO:

## FLSA COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Brent Formica, individually and on behalf of all other similarly-situated current and former employees of Defendant, US Environmental, Inc. ("Defendant"), bring this putative collective and class action and alleges as follows:

### I.    OVERVIEW

1.    This is a collective and class action brought by Plaintiff on behalf of himself and all other similarly-situated Field Service Technicians employed by Defendant for the purpose of obtaining relief under the Fair Labor Standards Act and Pennsylvania law for, *inter alia* unpaid wages, unpaid overtime wages, liquidated damages, interest, costs, attorneys' fees and all other damages available under law.

### II.    THE PARTIES

**Plaintiff**

2.    Plaintiff Brent Formica is a citizen of the United States, domiciled at 279 Church Street, Downington, Pennsylvania 19335, and was employed by Defendant in Pennsylvania from January 2017 to September 2017 as a Field Service Technician ("Technician") who cleaned oilfield tanks.

3.      Plaintiff routinely worked over forty hours in a workweek without being paid one and one-half times his regular rate of pay for all overtime hours worked.

4.      As an example, during the week of March 19, 2017, Plaintiff worked seventy six and a half (76.5) hours.  Despite working thirty six and a half (36.5) hours of overtime, Plaintiff was only paid one and one-half times his regular hourly rate for twelve and a half (12.5) hours.  Plaintiff was not paid an overtime premium for twenty four (24) hours.

## Defendant

5.      Defendant US Environmental, Inc. is a New Jersey corporation with its principal place of business located at 409 Boot Road, Downington, Pennsylvania 19335.

6.      At all relevevant times, Defendant is, and has been, an "employer" of Plaintiff and the similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

### III.     JURISDICTION & VENUE

7.      This case raises a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, sending Plaintiffs and other similarly-situated workers to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.

## IV.   COLLECTIVE ACTION DEFINITION

9.     The collective of similarly situated employees sought to be certified under

29 U.S.C. §216(b) as a collective action is defined as:

> All current or former  field service technicians
> employed by US Environmental, Inc., who
> worked over 40 hours in a work week and were
> not paid one and one-half times their regular
> rates of pay for all hours worked over 40 at any
> time within the last three years.

("Collective Members").

## V.   RULE 23 CLASS ACTION DEFINITION

10.     The class of similarly situated employees sought to be certified as a class

under Fed. R. Civ. P. 23 is defined as:

> All current or former  field service  technicians
> employed by US Environmental, Inc., in
> Pennsylvania who worked over 40 hours in a
> work week and were not paid one and one-half
> times their regular rate of pay for all hours
> worked over 40 and/or who were not paid for
> all hours worked, within the class periods set
> forth below.

("Class Members").

## VI.   FACTS

11.     Plaintiff re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

12.     Defendant employed Plaintiff and Collective and Class Members as

Technicians who were employed to clean oilfield tanks and perform other non-exempt

duties at various locations, all of whom were paid hourly and classified by Defendant as

eligible for overtime under the FLSA.

3

13.     Hours varied from week to week, but Defendant suffered and permitted Plaintiff and all Technicians to regularly work more than forty (40) hours a week throughout the collective and class period.

14.     Defendant further failed to record or otherwise document all hours worked including travel time to the various worksites.

15.     Defendant paid its technicians travel and/or drive time by the fastest possible drive time instead of the actual time the employees spent traveling and/or driving to the various worksites.

16.     Defendant further automatically deducted time for meals although Plaintiff and all other Technicians were not provided a bona fide meal period. Plaintiff and the other similarly-situated employees routinely worked through lunch or were not completely relived from their duties for a time sufficient to qualify as a bona fide meal period.

17.     As a result of Defendant's illegal compensation system, and other practices and policies implemented and maintained by Defendant throughout the collective and class periods, Plaintiff and the Collective and Class members were not paid for all hours worked and were not paid a premium for all overtime hours.

18.     Plaintiff and the Collective and Class members are similarly-situated individuals who worked at and/or continue to work for Defendant and who were and/or continue to be deprived of their lawful wages.

19.     Defendant's failure to pay its workers their lawful wages was and is willful. Defendant knew or should have known that its conduct was unlawful and/or showed

4

reckless disregard for the matter of whether its above-described conduct was prohibited by law.

20.     Despite its knowledge that time spent by Plaintiff and the Collective and Class members, as described above, was compensable time, Defendant has taken no steps to compensate workers for all hours worked and overtime hours.

21.     Defendant promised Plaintiff and Class members that they would be paid for all monies owed for all hours worked.  Justifiably relying on this promise, Plaintiff and the Class members accepted employment on behalf of Defendant.

22.     Despite overtime work, Plaintiff and his co-workers were not properly compensated for all overtime hours worked in excess of 40 hours per week for work performed.  Plaintiff's consents to sue is attached hereto as Exhibit A.

23.     Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

## VII.   COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff re-allege and incorporate by reference all allegations in all preceding paragraphs.

25.     Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective Members equally and is a willful violation of the FLSA.  Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not paid overtime for all hours worked over 40 per work week as required by the FLSA.

26.   The Collective Members are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay, and employment practices.

27.   Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly-situated employees.

28.   The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week at the overtime rate.

## VIII.   CLASS ALLEGATIONS

29.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

30.   The Class Members identified above are so numerous that joinder of all members is impracticable.

31.   Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

32.   Upon information and belief, the size of the Class numbers more than 100 persons.

33.    Defendants acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

34.    Counts I-IV are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual Class Members, including but not limited to:

      a. whether Pennsylvania state law requires Defendant to pay the Class Members overtime wages;

      b. whether Defendant failed to pay the Class Members their wages due in each pay period;

      c. whether Defendant failed and/or refused to pay the Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

      d. whether Defendant correctly calculated and compensated the Class Members for hours worked in excess of 40 per workweek;

      e. whether Defendant failed to keep true and accurate time records for all hours worked by the Class Members;

      f. whether Defendant properly deducted time for meal periods;

      g. whether Defendant properly paid the Class Members for travel and/or drive time;

      h. whether Defendant's conduct was intentional and/or willful; and

      i. the nature and extent of Class-wide injury and the appropriate measure of damages for the Class Members.

35.     The claims of Plaintiff are typical of the claims of the Class Members he seeks to represent.     Plaintiff and the Class Members work or have worked for Defendant as hourly Technicians and have been subjected to its policy and pattern or practice of failing to pay overtime wages for all hours worked in excess of 40 hours per week, failing to record all hours worked and failing to pay regular wages for all hours worked.  Defendant acted and refused to act on grounds generally applicable to the Class Members, thereby making declaratory relief with respect to the Class Members appropriate.

36.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

37.     Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately.

38.     Plaintiff recognizes that as a class representative, he must represent and consider the interests of the Class Members just as they would represent and consider their own interests.

39.     Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class Members.

40.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class Members.

41.     Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by

providing them with information and any relevant documentary material in his possession, and testify, if required, in a deposition and in trial.

42.     Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

43.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Class Members have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

## IX.    CAUSES OF ACTION

### COUNT I

## VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT Of 1968
### 43 P.S. § 333.101 *et seq.*
### (On Behalf of Plaintiff and the Class Members)

44.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

45.     The Class period for this cause of action is for a period of three years prior to the filing of this lawsuit to the present.

9

46.     The Pennsylvania Minimum Wage Act of 1968, § 333.104(c), provides in relevant part that: "Employees shall be paid for overtime not less than one and one-half times the employee's regular rate . . ."

47.     By its actions alleged above, Defendant violated the provisions of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.*, by failing to pay Plaintiff and the Class Members overtime wages for all hours worked over forty in a workweek.

48.     As a result of Defendant's unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with costs and attorneys' fees.

49.     Plaintiff and Class Members worked many hours without having been paid or considered work time by Defendant on a weekly basis.  Had that work been recorded as paid time in accordance with Pennsylvania Minimum Wage Act of 1968, § 333.108, Plaintiff and the Class Members would have worked over forty hours a week and been entitled to be paid one and a half times their regular hourly wages for all time worked in excess of forty hours per week.

## COUNT II

### VIOLATION OF THE WAGE PAYMENT and COLLECTION LAW
### 43 P.S. § 260.1 *et seq.*
### (On Behalf of Plaintiff and the Class Members)

50.     Plaintiff re-allege and incorporate the preceding paragraphs as if fully set forth herein.

51.     The Class period for this cause of action is from three years prior to the filing of this lawsuit through the present.

10

52.     Pursuant to the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.3, Defendant is obligated to pay all the wages due to its employees.

53.     Defendant has intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Class Members in violation of Pennsylvania Code, 43 P.S. § 260.3.

54.     Defendant is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Class Members' wages that concern this lawsuit.

55.     Defendant does not have written authorization from Plaintiff or any Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

56.     Pursuant to 43 P.S. §§ 260.9 and 260.10, employers, such as Defendant, who intentionally fail to pay an employee wages in conformance with the PWPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

57.     Defendant has violated Pennsylvania law by failing to pay Plaintiff and Class Members for all compensable time and by failing to pay Plaintiff and Class Members for work time, including overtime, at the established rate.

## COUNT III

### BREACH OF ORAL CONTRACT
### (On Behalf of Plaintiff and the Class Members)

58.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

59.     The class period for this Count is from four years prior to the filing of this lawsuit through the present.

60.     At different times, Defendant, through its employees/managers and/or agents, made oral offers of employment to Plaintiff and respective Class Members, the terms of which did not vary between members of the class, i.e., that Plaintiff and the Class Members would be paid at their legal wage rate for all work performed on behalf of Defendant.

61.     Plaintiff and the Class Members, in justifiable reliance upon Defendant's oral promises to pay them at a legal wage rate for all time worked on behalf of Defendant, accepted Defendant's oral offers of employment.

62.     Pursuant to their oral agreement with Defendant, Plaintiff and the Class Members performed work on behalf of and for the benefit of Defendant during the Class period, including working over 40 hours per week.

63.     However, Defendant breached its oral contract with Plaintiff and the Class Members by deliberately failing to pay Plaintiff and the Class Members for all hours worked on behalf of Defendant.

## COUNT IV

## UNJUST ENRICHMENT
### (Alternative Relief)
### (On Behalf of Plaintiff and the Class Members)

64.     Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

65.     In the alternative that the Court does not find that Plaintiff and the Class Members had oral contracts with Defendant, Defendant has received and benefitted from the uncompensated labors of the Plaintiff and the Class Members, such to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

66.     The Class period for this cause of action is four years from the filing of this lawsuit to the present.

67.     At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing uncompensated work from Plaintiff and the Class Members.

68.     By reason of having secured the work and efforts of Plaintiff and the Class Members without compensation, Defendant realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Class Members, and Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

69.     Accordingly, Plaintiff and the Class Members are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## COUNT V

### Violation of the Fair Labor Standards Act
### 29 U.S.C. § 201, *et seq.*
### (On Behalf of Plaintiff and the Collective Members)

70.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

71.     The collective period for this cause of action is three years from the filing of this lawsuit to the present.

72.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, Defendant was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

73.     Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), Defendant, because it failed to pay its employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.  Plaintiff assert that the Defendant's refusal to pay for time worked was willful.

74.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting this action for unpaid overtime wages.

75.     Accordingly, this action should move forward as a representative action pursuant to 28 U.S.C. § 216(b) and notice of this action should issue to all other similarly situated individuals employed by Defendant.

14

76.     Further pursuant to the FLSA, Plaintiff and the Class Members are entitled
to an award lost overtime wages, liquidated damages, interest, costs and attorney's
fees.

## X.     RELIEF SOUGHT

**WHEREFORE**, Plaintiff pray for judgment against Defendant as follows:

1.     On Counts I-IV (Violation of the Pennsylvania Minimum Wage Act of 1968,
Violation of the Wage Payment and Collection Law, Breach of Oral
Contract and Unjust Enrichment):

   a.     Permitting this case to proceed as a class action pursuant to Rule 23;

   b.     Judgment against Defendant for violation of the Pennsylvania Minimum Wage Act of 1968;

   c.     Judgment against Defendant for violation of the Wage Payment and Collection Law;

   d.     Judgment against Defendant for Breach of Oral Contract;

   e.     In the alternative, judgment against Defendant for Unjust Enrichment;

   f.     Judgment that Defendant's actions were willful;

   g.     An award for unpaid wages, penalties and other applicable damages;

   h.     An award of any pre- and post-judgment interest;

   i.     An award of reasonable attorneys' fees and costs;

2.     On Count V (Violation of the Fair Labor Standards Act):

   a.     Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative Plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

15

a.   Judgment that Plaintiff and those similarly-situated are entitled to the overtime protections under the FLSA;

b.   Judgment against Defendant for violation of the overtime provisions of the FLSA;

c.   Judgment that Defendant's violations of the FLSA were willful;

d.   An award to Plaintiff and those similarly-situated in the amount of unpaid overtime wages and liquidated damages;

e.   An award of any pre- and post-judgment interest;

f.   An award of reasonable attorneys' fees and costs;

3.   For such further relief as may be necessary and appropriate.


Dated:  February 1, 2018

Respectfully Submitted:

*/s/ Kevin I. Lovitz*
Kevin I. Lovitz
**LOVITZ LAW FIRM**
1650 Market Street, 36th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-1996
Facsimile: (267) 319-7943
kevin@lovitzlaw.com


Philip Bohrer (*pro hac vice*)
Scott E. Brady (*pro hac vice*)
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

# US ENVIRONMENTAL, INC
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* against my current/former employer, us Environmental, Inc., and any other related entities or affiliates ("Defendant"), to recover overtime pay.

2. I designate Lovitz Law Firm and Bohrer Brady, LLC as my attorneys to pursue my claims in this matter.

3. During the past three years, there were occasions when I worked over 40 hours per week for Defendant as a field service technician, and did not receive proper compensation for my overtime hours worked.

4. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendant and any other related entities or affiliates.

Date: 1-22-18

Brent Formin
Signature

Brent Formica
Print Name

## Information Below Will Be Redacted in Filings with the Court. Please Print or Type.

Address: _____

City, State Zip: _____

Best Phone Number(s): _____

Email: _____

**LOVITZ LAW FIRM**
One Liberty Place, 1650 Market Street, 36th Floor, Philadelphia, Pennsylvania 19103
Fax: (267) 319-7943
Email: kevin@lovitzlaw.com


EXHIBIT A