# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENT FORMICA, Individually and on Behalf of All Others Similarly-Situated | : : : | CIVIL ACTION |
| v. | : : | |
| US ENVIRONMENTAL INC. | : | NO. 18-459 |

## MEMORANDUM OPINION

**SAVAGE, J.**                                                                                                         July 11, 2018

Plaintiff Brent Formica brings this collective and class action against his employer, the defendant US Environmental, Inc., seeking relief under the Fair Labor Standards Act (FLSA) and Pennsylvania law. He claims he was not paid for all time worked and for overtime at time-and-a-half. Specifically, he alleges he was not compensated for the time spent while travelling on the job and for meal periods when he remained on duty. He contends that these times should have been included in the hours worked for the purpose of calculating overtime. In addition to bringing these claims under the FLSA, the Pennsylvania Minimum Wage Act of 1968, and the Pennsylvania Wage Payment and Collection Law, he asserts state common law claims for breach of contract and unjust enrichment.

US Environmental moves to dismiss the latter two claims, arguing they are preempted by the FLSA because they are duplicative of the FLSA claim. Because we conclude the Pennsylvania common law claims are preempted, we shall grant the motion.

## Factual Background

From January 2017 to September 2017, Formica worked for US Environmental as

a field service technician, cleaning oilfield tanks at various job sites.[1]  He was paid an hourly rate.[2]  When he worked over forty hours a week, which he routinely did, US Environmental often failed to pay him at one-and-a-half times his regular hourly rate.[3]  For example, during the week of March 19, 2017, Formica worked 76.5 hours total.  He alleges he was paid the overtime rate for only 12.5 hours that week.[4]

Formica also contends he was not compensated for time spent traveling to and from job sites.[5]  Before he arrived at a job site, Formica was required to report to the company shop, to receive daily instructions, and load equipment and materials into company trucks.[6]  Formica and his fellow service technicians then drove the company trucks to the assigned job site, rotating driving responsibilities.[7]  US Environmental set Formica's pay for travel based on the fastest route from the company shop to the job site, instead of the actual travel time.  The actual time spent on the road was typically longer than the time fixed by US Environmental.[8]  Formica contends that as a result, he was

---

[1] Am. Compl. (Doc. No. 13) at 1 ¶ 2, 2 ¶ 6.  US Environmental is an employer as defined in 29 U.S.C. § 203(d).  Formica is an employee as defined in 29 U.S.C. § 203(e)(1).  The parties do not dispute that the FLSA applies.

[2] Am. Compl. at 4 ¶ 17.

[3] *Id.*

[4] *Id.* at 2 ¶ 4.

[5] *Id.* at 2 ¶¶ 8–9.

[6] *Id.* at 2 ¶ 6.

[7] *Id.* at 2 ¶ 7, 5 ¶ 21.

[8] *Id.* at 2 ¶ 8.

underpaid for his travel time.[9]

Formica also complains that he was not paid for meal time, even though he was usually not permitted to take a break.[10] US Environmental automatically deducted thirty-minute meal breaks each day. Yet, he worked through his meal period, was interrupted by work, or remained available for work.[11]

Formica initiated this collective action on behalf of himself and other similarly situated employees against US Environmental in violation of the FLSA. Formica also brings a class action under the Pennsylvania Minimum Wage Act (MWA) and the Pennsylvania Wage Payment and Collection Law (WPCL), and for breach of contract and unjust enrichment.

Moving to dismiss the claims for breach of contract and unjust enrichment, US Environmental contends that they are preempted by FLSA.[12] Formica counters that the common law claims do not replicate the FLSA claim because the latter only provides a remedy for unpaid overtime and not unpaid "straight pay for regular hours worked," including his travel time and meal breaks.[13] Formica further contends that, even if the claims are duplicative, the FLSA does not preempt duplicative Rule 23 class actions arising under state law.[14]

---

[9] *Id.* at 2 ¶ 8, 5 ¶ 22.

[10] *Id.* at 2 ¶ 9.

[11] *Id.*

[12] Mot. to Dismiss (Doc. No. 14) at 3.

[13] Resp. to Mot. to Dismiss (Doc. No. 15) at 6.

[14] *Id.* at 3.

3

**Analysis**

State law claims based on wage and hour statutes are not preempted by the FLSA. *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2012). Citing the Savings Clause, 29 U.S.C. § 218(a), the Third Circuit reasoned that the FLSA's "plain language evinces a clear intent to preserve rather than supplant state law." *Id.* Accordingly, "claims under state minimum and overtime laws are not preempted under the FLSA." *Id.* at 263.

Because Formica's claim under Pennsylvania's wage laws is not preempted does not mean that the breach of contract and unjust enrichment causes of action are not. In other words, state statutory claims are not preempted, but state common law claims may be. Although it has specifically held that state statutory claims for overtime are not preempted, the Third Circuit has not addressed whether the state common law claims are preempted by the FLSA. But, it has noted approvingly the Fourth Circuit's holding in *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007), that state law claims for contract, negligence, and fraud are preempted by the FLSA. *Knepper*, 675 F.3d at 263. The *Knepper* court explained that the Fourth Circuit "sensibly declined to allow the plaintiffs to use state non-labor laws to enforce the substantive provisions of the FLSA, analogizing their decision to an earlier holding that plaintiffs could not enforce their FLSA rights through a § 1983 action." *Id.* (citing *Anderson*, 508 F.3d at 193–94).

The *Anderson* court distinguished between state labor statutes providing substantive rights and state common law causes of action providing only remedies. In concluding the state common law causes of action were preempted, it stated that the plaintiffs "rely on the FLSA for their rights, and invoke state law only as the source of

4

remedies for the alleged FLSA violations." *Anderson*, 675 F.3d at 193.

Recognizing that the Third Circuit has signaled that it would follow the Fourth Circuit, we adopt the reasoning of the Fourth Circuit. Thus, we conclude that duplicative state common law claims are preempted by the FLSA.

Here, the state law breach of contract and unjust enrichment claims arise out of the same core facts as the FLSA claims—the defendant failed to pay the plaintiff at the legal overtime rate. There are no additional facts necessary to make out the FLSA claim. Formica need not prove any more facts to establish his state law claims than he does to prove his FLSA claim.

Formica argues that compensation for his meal breaks and travel time must be analyzed separately from his FLSA claim. We disagree.

Formica's overtime rate is calculated based on his hours worked. Hours worked beyond forty hours in a week are compensated, at least, at a rate one and one-half times the regular rate. *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (quoting 29 U.S.C. § 207(a)(1)), *petition for cert. filed*, No. 16-1189 (U.S. 2017). In calculating the regular rate, all compensation is included unless it is statutorily excluded. *Id.* at 331. Formica's meal breaks and travel time are not excluded by statute. Thus, they are included in calculating the hours worked at his regular rate and at the overtime rate.

Travel time that occurs "within the workday" is compensable under the FLSA. 29 C.F.R. § 790.6. This includes travel to and from the work place "[w]here an employee is required to report at a meeting place to receive instructions or to perform other work there,

or to pick up and to carry tools." *Id.* § 785.38; *see also Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 n.5 (2d Cir. 2011). US Environmental does not deny that Formica's travel time is compensable. The dispute is determining the time spent traveling. Formica contends that on certain jobs, the travel time paid was less than what was compensable. US Environmental must compensate him for the actual time spent traveling from the company shop to the job site. *Perez v. Super Maid, LLC*, 55 F. Supp. 3d 1065, 1079 (N.D. Ill. 2014) (finding that paying a "predetermined amount for each cleaning job regardless of the time spent traveling to that job" violated the FLSA).

Similarly, Formica's meal periods are compensable hours worked under the FLSA because they predominantly benefited US Environmental. *See Babcock v. Butler Cty.*, 806 F.3d 153, 158 (3d Cir. 2015). The FLSA compensates time for meal breaks if the employee "is primarily engaged in work-related duties during meal periods." *Id.* at 156 (quoting *Armitage v City of Emporia*, 982 F.2d 430, 432 (10th Cir. 1992)); *see also Jones v. Does 1-10*, 857 F.3d 508, 515 (3d Cir. 2017). Formica claims that although US Environmental automatically deducted thirty minutes of work time for a daily meal break, he was interrupted to do work or not permitted to take a break at all. It is clear that Formica remained on duty during meal breaks. *See Babcock*, 806 F.3d at 157. His meal breaks are compensable hours worked pursuant to the FLSA.

Formica's breach of contract and unjust enrichment claims are based on the same facts as his FLSA claim, which requires US Environmental to pay him for all hours worked. *See Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 491 (D.N.J. 2014) ("Plaintiff's unjust enrichment claim merely duplicates the FLSA overtime

6

claim because the same underlying facts and circumstances form the basis of both claims.").

Because the FLSA provides a remedy for all of Formica's claims, his common law claims are preempted. *Preobrazhenskaya v. Mercy Hall Infirmary*, 71 F. App'x 936, 941 (3d Cir. 2003) (affirming dismissal of a plaintiff's common law claim for violation of public policy because there was a statutory remedy under the FLSA and facts underlying both claims were the same), *cert. denied*, 540 U.S. 1150 (2004). Therefore, we shall grant the motion, and dismiss the claims for breach of contract and unjust enrichment.