IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRENT FORMICA, Individually and on Behalf of All Others Similarly-Situated** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **US ENVIRONMENTAL INC.** | : | **NO. 18-459** |

### ORDER

**NOW**, this 17th day of January, 2019, upon consideration of the Joint Motion for an Order Approving Settlement (Document No. 46) and after a hearing, it is further **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The Settlement Agreement and Limited Release of Claims (Document No. 47) is preliminarily approved.

2. The terms and conditions of the Settlement Agreement are incorporated in this Order.

3. The following Class (the "PWPCL Class") is certified for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a), as follows: all current and former field service technicians employed by US Environmental Inc. at any time between February 1, 2015 through the date of entry of an Order approving the Settlement Agreement, who reported working through a 30-minute meal period by writing "No Lunch," "NL," "Worked Through Lunch," or other similar notation on their field service report, and who were not paid for such work.

4. The following Collective Action (the "FLSA Class") is certified for settlement purposes only: all current and former field service technicians employed by US

1

Environmental Inc. at any time between February 1, 2015 through the date of entry of an Order approving the Settlement Agreement, who received travel pay for time spent traveling between US Environmental Inc.'s Downingtown, Pennsylvania facility and the Phillips P66 Bayway Refinery in Linden, New Jersey, or between US Environmental Inc.'s Downingtown, Pennsylvania facility and the Philadelphia Energy Service Refinery in Philadelphia, Pennsylvania.

5. Plaintiff claims US Environmental Inc. did not properly pay wages for travel time to field service technicians when they traveled from US Environmental Inc.'s Downingtown, Pennsylvania facility to work sites ("FLSA Claims"), and US Environmental Inc. did not properly pay wages to field service technicians when they notified the company that they worked through their lunch ("PWPCL Claims").

6. The Settlement Agreement resolves claims brought against US Environmental Inc. under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Wage Payment and Collection Law ("PWPCL").

7. The Settlement Agreement requires US Environmental Inc. to pay Ninety-Nine Thousand Five Hundred Dollars ($99,500.00) ("Settlement Amount") into a settlement fund for purposes of resolving both the FLSA Claims and the PWPCL Claims.

8. The Settlement Agreement appears to be fair, reasonable and adequate to the FLSA Class and the PWPCL Class.

9. For purposes of preliminary approval, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes in that:

    a. There are approximately fifty-four (54) members of the PWPCL Class;

   b. There are questions of fact and law that are common to all members of the PWPCL Class;

   c. The claims of the Class Representative are typical of those of the other members of the PWPCL Class;

   d. The Class Representative will fairly and adequately protect the interests of the PWPCL Class; and

   e. Counsel for the PWPCL Class, experienced in complex commercial and class action litigation, has and will continue to adequately represent the Class.

 10. For purposes of preliminary approval, the prerequisites to a collective action under the FLSA have been satisfied for settlement purposes as the claims of the Class Representative and all members of the FLSA Class are similarly situated.

 11. The PWPCL Class is maintainable as a class action for settlement purposes, and the FLSA Class is maintainable as a collective action for settlement purposes because there is a clear risk of inconsistent adjudication absent certification.

 12. Brent Formica is appointed as Class Representative for the FLSA Class and the PWPCL Class.

 13. Bohrer Brady, LLC and Lovitz Law Firm are appointed as counsel for the PWPCL Class and the FLSA Class.

 14. RG2 Claims Administration, LLC is appointed as the Settlement Administrator.

 15. The proposed Notice to the PWPCL Class, attached as Exhibit B to the Memorandum of Law in Support of the Joint Motion, is approved.

16. The proposed Notice to the FLSA Class, attached as Exhibit C to the Memorandum of Law in Support of the Joint Motion, is approved.

17. No later than **January 22, 2019**, US Environmental Inc. shall provide the Settlement Administrator with a list of the names and last known addresses for the FLSA Class and the PWPCL Class in readable format, and all relevant information needed to calculate and verify estimated payments.

18. No later than **January 28, 2019**, the Settlement Administrator shall mail the approved Notices to the FLSA Class and the PWPCL Class by first-class mail to each class member at his or her last known address, as updated by the Settlement Administrator with one round of skip tracing.

19. No later than **March 25, 2019**, the Settlement Administrator shall file proof of mailing of the Class Notice as required by paragraph 18 of this Order.

20. The manner of giving notice as prescribed in this Order satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice.

21. No later than **March 25, 2019**, the FLSA Class members must return a signed consent form opting into the FLSA Class.

22. No later than **March 25, 2019**, the PWPCL Class members must return a signed form to affirmatively opt-out of the settlement and the PWPCL Class.

23. Upon the effective date of the Settlement, FLSA Class members and PWPCL Class members and their legally authorized representatives are preliminary enjoined from:

    a. Filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative or regulatory proceeding, arbitration, or other proceeding in any jurisdiction involving the claims set forth in the Amended Complaint;

    b. Filing, commencing, or prosecuting a lawsuit or administrative or regulatory proceeding, arbitration, or other proceeding as a class action or collective action on behalf of any FLSA Class members or PWPCL Class members (including by seeking to amend a pending complaint to include class or collective allegations or seeking class or collective certification in a pending action); and,

    c. Attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based upon the claims released in the Settlement Agreement.

  24. No later than **March 25, 2019**, the PWPCL Class and CAFA Notice recipients and/or the FLSA Class members may object to the terms of the settlement, the proposed award of attorney's fees and out-of-pocket expenses, or the request for service payment awards.

  25. Objecting CAFA Notice recipients must file objections with the Clerk of the Court for the U.S. District Court for the Eastern District of Pennsylvania and serve Class Counsel and counsel for US Environmental Inc.

  26. An objecting FLSA Class or PWPCL Class member must also send the objection to the Settlement Administrator.

  27. Objections must contain the following: (1) the objector's name, address, telephone number, and signature; (2) the name of the action and case caption; (3) a

statement that the objector is a Class Member and the basis upon which the objector claims to be a class member; (4) the grounds for each objection; (5) a statement whether the objector intends to appear at the final approval hearing, either in person or through counsel; and (6) any person the objector may call to testify at the final approval hearing.

28. No later than **March 25, 2019**, any FLSA Class or PWPCL Class member who intends to appear at the final approval hearing must serve a notice of intention to appear upon the Settlement Administrator stating the name, address, and telephone number of the Class Member or, if applicable, the Class Member's attorney.

29. Failure to timely file and serve written objections in compliance with this Order or failure to serve notice of intention to appear at the final approval hearing will preclude a Class Member from objecting at the final approval hearing.

30. No later than **April 16, 2019**, the Settlement Administrator shall file and serve on counsel a report of all objections.

26. All briefs, memoranda, petitions and affidavits in support of final approval of the settlement, for an award of attorneys' fees and out-of-pocket expenses by plaintiffs' counsel, and for service payment shall be filed no later than **March 29, 2019**. Responses, if any, shall be filed no later than **April 8, 2019**.

27. No later than **May 14, 2019**, US Environmental Inc. shall pay the Settlement Funds required by the Settlement Agreement.

28. Pursuant to Fed. R. Civ. P. 23(e), a final approval hearing will be held on **April 30, 2019,** at **9:00 a.m.**, in **Courtroom 9A**, at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to determine:

   a. whether this action satisfies the criteria for class certification set

6

forth in Fed. R. Civ. P. 23(a) and (b);

      b.    whether the proposed settlement is fair, reasonable and adequate;

      c.    whether final approval should be granted;

      d.    whether a final judgment should be entered dismissing the FLSA and the PWPCL Claims with prejudice;

      e.    an award of attorneys' fees and out-of-pocket expenses; and

      f.    other such matters as the Court may deem appropriate.

                                      /s/ Timothy J. Savage
                                      TIMOTHY J. SAVAGE, J.